Per Curiam.
This is an appeal from a decision of the Board of Tax Appeals affirming a sales and use tax assessment made by the Tax Commissioner upon the sale and use of certain property of appellant, the'Ohio Stove Company.
The appellant is an Ohio corporation engaged in the manufacture and sale of gray iron castings. In the manufacturing process appellant uses sand molds and cores to form the castings. These molds and cores cannot be purchased on the open market and are, therefore, made by appellant on the manufacturing premises. They are so constituted that, after they are made, the molds must be used within 12 hours and the cores within two months. Such molds and cores can be used only once and after such use are destroyed, and the sand is reconditioned and used in forming new molds.
The Tax Commissioner assessed taxes on the sale and use of the machinery used by appellant to manufacture these molds and cores.
It is urged by appellant that the machinery used to manufacture the molds and cores is used directly in the production of the castings. In other words, appellant urges that the manufacture of the molds and cores is a part of the manufacture of the castings.
The test for determining whether tangible personal property is used or consumed directly in the production of tangible personal property for sale so as to have its sale or use excepted from taxation is set forth, as follows, in the syllabus of Youngs *485 town Building Material & Fuel Co. v. Bowers, Tax Commr., 167 Ohio St., 363, 149 N. E. (2d), 1:
“In determining whether tangible personal property is used or consumed directly in the production of tangible personal property for sale by manufacturing or processing, and, therefore, whether its sale or use is excepted from taxation under the provisions of subdivision (E) (2) of Section 5739.01, or subdivision (C) (2) of Section 5741.01, Revised Code, the test is not whether such property is essential to the operation of an ‘integrated plant,’ the test to be applied being, when does the actual manufacturing or processing activity begin and end, and is the property used or consumed during and in the manufacturing or processing period
Thus, the test is not whether the property is essential to the operation of the plant, but whether it is an actual part of the process of manufacture.
There is no question that the molds themselves are a part of the procesé of manufacturing the castings. However, to determine whether the sale or use of machinery which makes such molds is excepted from the tax, we must look to the nature of appellant’s business and the product which appellant manufactures for sale.
Appellant is in the business of manufacturing gray iron castings for sale, not sand molds or cores. Although the molds and cores themselves are used directly in the process of manufacturing the castings, the manufacture of the molds and cores is not a part of the process of manufacturing the castings. However essential the machinery which makes such sand molds and cores is to the carrying on of appellant’s business, such machinery cannot be considered as being used directly in the production of gray iron castings. The manufacture of the molds and cores is an entirely separate and distinct manufacturing process which in and of itself has no relationship to the product manufactured by appellant.
We had before us in General Motors Corp. v. Bowers, Tax Commr., 169 Ohio St., 361, 159 N. E. (2d), 739, a question identical to the one presently before us. In that case General Motors sought to have excepted from taxation the sale or use of machine tools and equipment used for the building and maintaining of *486 dies, etc., for the stamping of automobile body panels. Chief Justice Weygandt, in the opinion, stated:
“Restated and reduced to its lowest terms, the question before this court is whether the statutory sales and use tax exceptions are applicable to tools purchased and used for the manufacture of other tools which in turn are later used directly in the manufacture of automobile body panels to be sold by the appellant. The appellant asks this court to hold that since the manufactured tools are used directly in the manufacture of body panels the purchased tools likewise are used directly in the later manufacture of the body panels although the use of the purchased tools is limited to the earlier production of the manufactured tools. To so hold would constitute a disregard of the plain meaning of the word ‘directly’ which the dictionaries define as ‘without the intervention of a medium or agent.’ It would seem beyond cavil that the manufactured tools are an intervention between the purchased tools and the final body panels.”
The court, in its syllabus, stated:
“1. Under the provisions of Sections 5739.01, 5739.02, 5741.01 and 5741.02, Revised Code, sales and use taxes are not assessable when the purpose of the consumer is to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing or processing.
“2. Such sales and use tax exceptions are not applicable to tools purchased and used for the manufacture of other tools which in turn are later used directly in the manufacture of automobile body panels.”
In the present case the machinery whose sale or use is sought to be excepted from taxation is used to manufacture what are essentially tools which are used subsequently in the manufacturing process. Thus under the rule as set forth in the General Motors case, supra, the sale or use of such machinery is not excepted from taxation.
The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and 0 ’Neill, JJ., concur.